1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   EDWARD G. STINSON,                    )   No. C 06-3849 MMC (PR)
                                           )
12                                         )   **ORDER OF DISMISSAL; DENYING**
              Plaintiff,                   )   **MOTIONS FOR STIPULATION, FOR**
13                                         )   **SUMMARY JUDGMENT, FOR**
                                           )   **APPOINTMENT OF COUNSEL, FOR**
14      v.                                 )   **SAFEGUARD OF CONSTITUTIONAL**
                                           )   **RIGHTS, FOR ENTRY OF DEFAULT**
15                                         )   **AND TO BE AWARDED**
     ALAMEDA COUNTY DISTRICT               )   **COMPENSATION; GRANTING**
16   ATTORNEY, et al.,                     )   **REQUEST FOR CASE STATUS AND**
                                           )   **MOTION RULING**
17                                         )
              Defendants.                  )   (Docket Nos. 6, 7, 15, 16, 18, 24, 26, 27,
18   _____      )       29 & 31)

19
20        On June 20, 2006, plaintiff, a California prisoner currently incarcerated at the

21   California State Prison Solano ("Solano") and proceeding pro se, filed the above-titled civil

22   rights action under 42 U.S.C. § 1983, alleging that defendants violated his rights in

23   connection with the revocation of his probation.  By separate order filed concurrently

24   herewith, plaintiff has been granted leave to proceed in forma pauperis.

                                    **DISCUSSION**
25
26        A federal court must conduct a preliminary screening in any case in which a prisoner

27   seeks redress from a governmental entity or officer or employee of a governmental entity.

28   See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

2  be granted or seek monetary relief from a defendant who is immune from such relief.  See id.

3  § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v.

4  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C.

5  § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

6  Constitution or laws of the United States was violated, and (2) that the alleged violation was

7  committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42,

8  48 (1988).

9        Plaintiff names as defendants a district attorney, a state superior court, and several

10  state trial and appellate court judges, alleging they violated his rights in connection with the

11  revocation of his probation and subsequent appeal thereof.  Plaintiff's claims against the

12  Alameda County Superior Court are barred by the Eleventh Amendment.  See Simmons v.

13  Sacramento County Superior Court, 318 F.3d 1156,1161 (9th Cir. 2003) (holding 11th

14  Amendment bars suit against state courts and their employees).  Plaintiff's claims against the

15  state court judges, which claims are based on their rulings in connection with the revocation

16  of his probation and the denial of his state court appeal, are barred because state court judges

17  are entitled to absolute immunity from civil liability for acts performed in their judicial

18  capacity.  See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to

19  actions under 42 U.S.C. § 1983).  Finally, plaintiff's claims against the prosecutor, in which

20  plaintiff alleges the prosecutor violated his rights in prosecuting him at the probation

21  revocation hearing, are barred because the prosecutor is an officer of the court entitled to

22  absolute immunity for his conduct as an advocate during course of a criminal prosecution.

23  See Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993).

24        In sum, the individual defendants in the complaint are absolutely immune from

25  liability on plaintiff's claims, and the Eleventh Amendment bars claims against the state

26  court.  Accordingly, the complaint does not state a cognizable claim for relief.

27  ///

28  ///

2

1

**CONCLUSION**

2      For the reasons stated above, the complaint is DISMISSED for failure to state a

3  cognizable claim for relief.  In light of this dismissal, the following motions are DENIED:

4  "Motion for Stipulation," filed  July 10, 2006; motion for summary judgment, filed July 20,

5  2006; motion for appointment of counsel, filed September 27, 2006; "Motion For Safeguard

6  of Constitutional Rights," filed October 4, 2006; motions for entry of default, filed,

7  respectively,  October 23, 2006 and November 28, 2006; and "Motion To Be Awarded

8  Compensation," filed November 18, 2006.

9      Plaintiff's motion "Requesting Status and Motion Ruling," filed November 28, 2006,

10  is GRANTED.

11      This order terminates Docket Nos. 6, 7, 15, 16, 18, 24, 26, 27, 29 and 31.

12       The Clerk shall close the file.

13      IT IS SO ORDERED.

14  DATED: January 11, 2007

15                                          _____
                                            MAXINE M. CHESNEY
16                                          United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

3